**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JEFFREY D. WASHINGTON, | : | **CIV. NO. 18-9199 (RMB)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Jeffrey D. Washington is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey. He brings this civil action for recovery of lost property, citing 31 U.S.C. § 3723. (Compl., ECF No. 1.) Plaintiff did not pay the filing fee[1] or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915.[2]

---

[1] The filing fee for a civil action is $350, and there is a $50 administrative fee, for a total of $400. *See* 28 U.S.C. § 1914.

[2] 28 U.S.C. § 1915(a) provides:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security

Local Civil Rule 5.1(f) provides:

> Any papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked "received" and the date and time of receipt shall be noted thereon.

The Court will administratively terminate this matter, but Plaintiff will be permitted to reopen if he timely submits the filing fee or in the alternative submits a properly completed IFP application.

When a prisoner is permitted to proceed without payment of the filing fee, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be

---

therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

granted; or (3) seek monetary relief against a defendant who is immune from such relief.³

Plaintiff should be aware that it is not clear from the present complaint whether he fully exhausted his administrative remedies before bringing this claim. See 28 C.F.R. § 543.32(g) ("If your claim is denied or you are dissatisfied with a settlement offer, you may request, in writing, that the Bureau of Prisons reconsider your claim in the administrative stage … If you are dissatisfied with the final agency action, you may file suit in an appropriate U.S. District Court as no further administrative action is available"; Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228 n.7,⁴ 242⁵ (2008) (Kennedy, J., dissenting).

---

3 This Court's conclusive screening of Plaintiff's claims is reserved until he obtains *in forma pauperis status*. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

4 The Court stated:

> Congress, we note, did provide an administrative remedy for lost property claimants like petitioner. Federal agencies have authority under 31 U.S.C. § 3723(a)(1) to settle certain "claim[s] for not more than $1,000 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment."

5 The dissent in Ali explained:

> [T]here are already in place administrative

Additionally, the United States is the sole proper defendant to an FTCA claim. CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

**IT IS** therefore on this **5th day of November 2018**,

**ORDERED** that the Clerk of the Court shall administratively terminate this case without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3rd Cir. 2011) ("[the]

---

procedures that must be exhausted before the suit is allowed, diminishing the number of frivolous suits that would be heard in federal court. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Under 28 CFR § 543.31(a) (2007), the "owner of the damaged or lost property" first must file an FTCA claim with the BOP regional office; the BOP, in turn, is authorized by statute to settle administrative claims for not more than $1,000, see 31 U.S.C. § 3723(a), which likely encompasses most claims brought by federal prisoners. Only if the prisoner is "dissatisfied with the final agency action" may he or she file suit in an "appropriate U.S. District Court." 28 CFR § 543.32(g).

statute of limitations is met when a complaint is submitted to the clerk before the statute runs …"); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" DNJ-Pro Se-007-A-(Rev.05/2013); and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, she shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application or (2) the $400.00 filing and administrative fee; and (3) Plaintiff is permitted to file an amended complaint to establish whether he has fully exhausted his administrative remedies and to substitute the United States as the defendant; and it is further

**ORDERED** that if Plaintiff does not submit a complete, signed *in forma pauperis* application or the $400.00 filing and administrative fee within 30 days of the date of this Order, this action is dismissed without prejudice to Plaintiff filing a new action; upon such dismissal, however, any new action will be subject to a new filing fee or IFP application, and will be subject to the appropriate statute(s) of limitations at the time of filing; see Bricker v. Turner, 396 F. App'x 804, 804 n. 1 (per curiam) (3d Cir. 2010) (affirming district court's order dismissing civil

5

rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**